UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF TAYLOR, MICHIGAN,

       Plaintiff,

                                  Case No. 04-71614

v.

                                  HONORABLE DENISE PAGE HOOD

SPRINTURF, INC., a Pennsylvania Corp.,

       Defendant.

_____/

MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
REINSTATEMENT, MOTION TO ADD THIRD-PARTY MANUFACTURING
DEFENDANT, AND MOTION TO HOLD ARBITRATION IN ABEYANCE

I.     BACKGROUND

Plaintiff City of Taylor, Michigan ("City") filed a Complaint against Defendant Sprinturf,

Incorporated, as a result of an allegedly defective and improperly installed artificial turf system.

Plaintiff alleges the turf suffers from numerous defects including fading, peeling, and wear. (Pl.'s

Resp. at 6.) Defendant has acknowledged some of the problems, and sent one of its representatives

to inspect the turf in July of 2003. (Id.) Plaintiff filed its Complaint on April 28, 2004. Defendant

filed a Counter-Complaint alleging breach of contract. Defendant subsequently filed a Motion to

Compel Arbitration on June 9, 2004. The parties thereafter stipulated to arbitration, and the Court

entered an Order on August 19, 2004 to that effect.

This matter is before the Court on Defendant's Motion for Reinstatement, Motion to Add

Third-Party Manufacturing Defendant, and Motion to Hold Arbitration in Abeyance, filed on

December 13, 2004. Plaintiff filed its Response on December 22, 2004. No Reply was filed.

Defendant claims a manufacturing problem is the cause of the defects suffered by Plaintiff. For this

reason, Defendant now seeks to add a third-party defendant.  For the reasons set forth below, the Court denies Defendant's Motions.

## II.    LAW & ANALYSIS

The Court's Order for Arbitration and Administratively Closing Case specifically sets forth the circumstances under which the Court retains jurisdiction in this matter.  The Order states, in pertinent part, "this Court will retain jurisdiction for any purposes properly allowed under Michigan law and/or the Federal Rules of Civil Procedure, 28 USC § 657 . . . this case may be closed administratively, but may be reinstated upon motion of either party."  (Aug. 19, 2004 Order at 2.)

Section 657 deals with the enforcement or trial *de novo* of an arbitration award.  The section states:

> (a) Filing and Effect of Arbitration Award. – An arbitration award made by an arbitrator under this chapter, along with proof of service of such award on the other party by the prevailing party or by the plaintiff, shall be filed promptly after the arbitration hearing is concluded with the clerk of the district court that referred the case to arbitration.  Such award shall be entered as the judgment of the court after the time has expired for requesting a trial de novo.  The judgment so entered shall be subject to the same provisions of law and shall have the same force and effect as a judgment of the court in a civil action, except that the judgment shall not be subject to review in any other court by appeal or otherwise.
>
> (b) Sealing of Arbitration Awards. – The district court shall provide, by local rule adopted under section 2071(a), that the contents of any arbitration award made under this chapter shall not be made known to any judge who might be assigned to the case until the district court has entered final judgment in the action or the action has otherwise terminated.
>
> (c) Trial de Novo of Arbitration Awards. –
>     (1) Time for filing demand. – Within 30 days after the filing of an arbitration award with a district court under subsection (a), any party may file a written demand for a trial de novo in the district court.
>     (2) Action restored to court docket. – Upon a demand for a trial de novo, the action shall be restored to the docket of the court and treated for all purposes as if it had not been referred to arbitration.
>     (3) Exclusion of evidence of arbitration. – The court shall not admit at the

2

> trial de novo any evidence that there has been an arbitration proceeding, the
> nature or amount of any award, or any other matter concerning the conduct
> of the arbitration proceeding, unless –
>> (A) the evidence would otherwise be admissible in the court under
>> the Federal Rules of Evidence; or
>> (B) the parties have otherwise stipulated.

28 U.S.C. § 657. Section 657 only relates to arbitration awards, not pending arbitration proceedings.

The statute itself does not provide the Court with jurisdiction to reinstate the present case to add a

party, nor does it allow for holding an ongoing arbitration proceeding in abeyance. However, the

Order does state that the case may be reinstated upon motion by either party.

Defendant cites Rule 14(a) of the Federal Rules of Civil Procedure in support of its Motion.

The rule provides as follows:

> At any time after the commencement of the action a defending party, as a Third-
> Party Plaintiff may cause a Summons and Complaint to be served upon a person not
> a party to the action who is or may be liable to the Third-Party Plaintiff for all or part
> of the Plaintiff's claim against the Third-Party Plaintiff.

Fed. R. Civ. P. 14(a). Rule 14(a) contemplates adding parties in active cases. It does not

specifically provide a basis for reinstating a case in order to add a party.

In its Motion, Defendant states "Third-Party Defendant Turfstore.Com. Inc., corporation will

not voluntarily agree to arbitration of the allegations asserted against them." (Def.'s Mot. at 3.) It

is also clear from Defendant's pleadings and oral argument that it has no arbitration agreement with

the third-party. The Court notes the proposed third-party Defendant was not a party to the

agreement between Plaintiff and Defendant. It is that agreement which contains the arbitration

provision. It is not clear to the Court that granting Defendant's Motion would allow for arbitration

of Plaintiff's claim with the proposed third-party defendant included as a party.

Defendant had an opportunity to inspect and examine the artificial turf in question in July

3

of 2003.  At oral argument, Defendant denied it had examined the turf in July of 2003, but did acknowledge that it sent an expert to examine the turf on August 28, 2004.  In a letter dated March 8, 2005, Defendant's expert, John J. Amato, P.E., President of JJA Sports, indicated that he had "completed and [sic] observation of the Taylor Recreation Facility indoor synthetic turf multipurpose sports field."  A sample of the turf was sent to a laboratory for analysis after the August 28, 2004 inspection.  Defendant indicates the laboratory took a lengthy amount of time to return the results of its testing.  After receipt of these results, Defendant filed its Motion on December 13, 2004.  Arbitration is currently scheduled for June 7–8, 2005, with filings due by May 30, 2005.  There is inadequate time to file a third-party complaint, receive an answer, and conduct discovery before the arbitration hearing date.

It was Defendant who filed the motion to compel arbitration, which Plaintiff stipulated to in August of 2004.  In the months since then, the parties have prepared to arbitrate their respective claims.  Given the nature of how this case has progressed, the Court finds it would be prejudicial to Plaintiff to re-open the case to allow Defendant to add a third-party at this time.  Defendant's claims against the third party do not appear to be lost by such a ruling.

## III.   CONCLUSION

For the aforementioned reasons, the Court denies Defendant's Motion.


Accordingly,

IT IS ORDERED that Defendant's Motion for Reinstatement, Motion to Add Third-Party Manufacturing Defendant, and Motion to Hold Arbitration in Abeyance **[Docket No. 17, filed on December 13, 2004]** is DENIED.

4

                                        ___s/ Denise Page Hood_____
                                        DENISE PAGE HOOD
                                        UNITED STATES DISTRICT JUDGE

DATED:__April 29, 2005_____